UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOSHE SILBERMAN,

           Plaintiff,

  -v-

BB&T BANK,

           Defendant.

Civil Action No.: 7:21-cv-05292-CS

**DEFENDANT TRUIST BANK'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT**

Defendant, Truist Bank,[1] formerly known as Branch Banking and Trust Company ("BB&T"), by counsel, submits the following Answer to the Complaint ("Complaint") filed by Plaintiff Moshe Silberman ("Plaintiff").

Truist denies, generally and specifically, any and all allegations in the Complaint not specifically admitted in the paragraphs below. Truist further states that its investigation of the present matter is ongoing. Accordingly, Truist reserves the right to amend this Answer. Truist denies any and all allegations contained in the headings and/or unnumbered paragraphs in the Complaint.

In response to the separately numbered paragraphs in the Complaint, Truist states as follows:

---

[1] Truist Bank was formed on December 7, 2019, by the merger of SunTrust Bank into Branch Banking and Trust Company, and Branch Banking and Trust Company's subsequent change of its name to Truist Bank.

## NATURE OF THE ACTION

1. Truist admits Plaintiff purports to bring this action under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA"). Truist specifically denies it violated the FCRA and denies Plaintiff is entitled to any of the requested relief he seeks in the Complaint.

2. Truist denies all factual allegations in Paragraph 2 of the Complaint; to the extent the allegations are conclusions of law, no response is required. To the extent that the allegations are contrary to law, they are denied.

3. Truist denies all factual allegations in Paragraph 3 of the Complaint; to the extent the allegations are conclusions of law, no response is required. To the extent that the allegations are contrary to law, they are denied.

## PARTIES

4. The allegations in Paragraph 4 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

5. In response to the factual allegations in Paragraph 5 of the Complaint, Truist admits only that it is a North Carolina corporation. The remaining allegations in Paragraph 5 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

## JURISDICTION AND VENUE

6. The allegations in Paragraph 6 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

7. The allegations in Paragraph 7 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

Case 7:21-cv-05292-CS   Document 9   Filed 08/17/21   Page 3 of 7

**SUBSTANTIVE ALLEGATIONS**

8. The allegations in Paragraph 8 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

9. The allegations in Paragraph 9 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

10. The allegations in Paragraph 10 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

11. The allegations in Paragraph 11 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

12. Truist denies the allegations in Paragraph 12 of the Complaint.

13. The allegations in Paragraph 13 of the Complaint paraphrase or characterize the contents of a written document. Truist denies the allegations to the extent they are inconsistent with the document.

14. Truist denies the allegations in Paragraph 14 of the Complaint.

15. Truist denies the allegations in Paragraph 15 of the Complaint.

16. Truist denies the allegations in Paragraph 16 of the Complaint.

17. Truist denies the allegations in Paragraph 17 of the Complaint.

18. The allegations in Paragraph 18 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

19. The allegations in Paragraph 19 of the Complaint paraphrase or characterize the contents of a written document. Truist denies the allegations to the extent they are inconsistent with the document.

20. The allegations in Paragraph 20 of the Complaint paraphrase or characterize the contents of a written document. Truist denies the allegations to the extent they are inconsistent with the document.

21. The allegations in Paragraph 21 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

22. The allegations in Paragraph 22 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

23. Truist denies the allegations in Paragraph 23 of the Complaint and further denies that Plaintiff has suffered damages in any way.

24. Truist denies the allegations in Paragraph 24 of the Complaint and further denies that Plaintiff is entitled to damages under any theory of recovery whatsoever.

## CAUSES OF ACTION

### COUNT I

**Against BB&T for Violations of the FCRA, 15 U.S.C. § 1681s-2(b)**

25. Truist incorporates and re-asserts the responses in Paragraphs 1 through 24 as if fully stated herein.

26. The allegations in Paragraph 26 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

27. The allegations in Paragraph 27 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to law, they are denied.

28. Truist denies the allegations in Paragraph 28 of the Complaint.

29. Truist denies the allegations in Paragraph 29 of the Complaint.

30. Truist denies the allegations in Paragraph 30 of the Complaint.

31. Truist denies the allegations in Paragraph 31 of the Complaint.

32. Truist denies the allegations in Paragraph 32 of the Complaint.

**PRAYER FOR RELIEF**

Truist denies the allegations contained in the "WHEREFORE" clause immediately following Paragraph 32 of the Complaint, including the allegations in subparagraphs (a) through (c), and denies Plaintiff is entitled to any of the requested relief and/or judgments.

**JURY TRIAL DEMAND**

Truist admits the Complaint contains a jury demand. Truist denies Plaintiff is entitled to a trial by jury.

**AFFIRMATIVE AND OTHER DEFENSES**

Truist hereby sets forth the following affirmative defenses to the Complaint. By asserting the defenses set forth below, Truist does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these defenses. Nor does Truist admit that Plaintiff is relieved of his burden to prove each and every element of his claims and the damages, if any, to which he is purportedly entitled.

1. The Complaint fails to state a plausible claim for which relief can be granted and should be dismissed pursuant to Fed. R. Civ. P. 12. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). Truist reserves the right to file a Motion for Judgment on the Pleadings or other dispositive motion seeking dismissal of all Plaintiff's claims.

2. Truist avers that some or all of the claims made in the Complaint may be barred because Plaintiff lacks standing to the extent he has suffered no injury-in-fact.

3. Truist denies that Plaintiff sustained any damages and denies that it proximately caused any of the damages claimed by Plaintiff.

4. Plaintiff cannot recover from Truist to the extent that any damages that Plaintiff may have suffered, which Truist continues to deny, directly and proximately resulted from Plaintiff's acts and/or omissions.

5. Plaintiff cannot recover from Truist to the extent that any damages Plaintiff may have or will suffer as alleged in the Complaint, which Truist continues to deny, have been and/or will be proximately caused, in whole or in part, by the negligent, willful, or tortious acts and/or omissions of persons or entities over whom Truist had no control, and for whose conduct Truist is not responsible, which bars or diminishes any recovery by Plaintiff against Truist.

6. Plaintiff's claims may be barred, in whole or in part, to the extent Plaintiff has not suffered any actual damages.

7. Plaintiff's claims may be barred, in whole or in part, to the extent Plaintiff has failed to mitigate his damages.

8. Plaintiff's claims may be barred, in whole or in part, by the doctrine of laches and/or the statute of limitations contained in 15 U.S.C. § 1681p.

9. Plaintiff's claims for punitive damages fail to the extent that the Complaint fails to state a claim for relief for punitive damages.  Additionally, Truist states that while it does not believe Plaintiff has stated a claim for punitive damages, even if he proves an entitlement to any such punitive damage award, Truist is entitled to the affirmative defense that any such award comport with the Due Process clause under the Constitution of the United States of America.

10. At all times relevant, Truist acted reasonably and in good faith and without any malice or intent to injure Plaintiff or to violate applicable federal and/or state law.

11. Plaintiff's claims may be subject to set-off of all sums due and owing to Truist.

12. Plaintiff's claims may be subject to dismissal pursuant to a binding arbitration provision.

13. Plaintiff cannot state a claim for relief against Truist because Truist's reporting of Plaintiff's account was neither inaccurate nor misleading as a matter of law.

14. Truist reserves the right to assert additional defenses (affirmative and otherwise) as this action progresses and reserves the right to rely upon any and all defenses (affirmative and otherwise) as may become known through discovery or at trial.

WHEREFORE, Defendant, Truist Bank, successor in interest to Branch Banking and Trust Company, requests that the Court enter an order: (1) dismissing the Complaint with prejudice; (2) awarding Truist its costs and expenses incurred herein; and (3) awarding Truist such other and further relief as the Court may deem just and proper.

Dated: August 17, 2021  
New York, New York

By: */s/ Stephen J. Steinlight*  
Stephen J. Steinlight  
TROUTMAN PEPPER HAMILTON SANDERS LLP  
875 Third Avenue  
New York, New York 10022  
Telephone: (212) 704-6008  
Facsimile: (212) 704-6288  
Email: stephen.steinlight@troutman.com

*Attorney for Defendant Truist Bank*